1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15
16
17

THOMAS A. MOORE,
BOP #03998-298,

                                    Plaintiff,

          vs.

ROBERT E. McFADDEN, et al.,

                                    Defendants.

Civil No.    09cv0771 JAH (CAB)

**ORDER DENYING PLAINTIFF'S
EX PARTE MOTION FOR
APPOINTMENT OF COUNSEL
PURSUANT TO
28 U.S.C. § 1915(e)(1)**

**[Doc. No. 11]**

18
19
20
21
22
23
24
25
26
27
28

          Plaintiff, Thomas A. Moore, an inmate currently incarcerated at the Federal Correctional Institution located in Butner, North Carolina and proceeding pro se, has filed a civil rights action pursuant to *Bivens v. Six Unknown Named Fed. Narcotics Agents*, 403 U.S. 388 (1971).  Plaintiff requests appointment of counsel because "the issues involved in this case are complex, and will require significant research and investigation."  (Pl.'s Mot. at 1.)  "[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resolution Trust Corp. (In re Hedges)*, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted).

          "Title 28 U.S.C. § 1915(e)(1) permits the district court, in its discretion, to 'request an attorney to represent any person unable to afford counsel.'" *Solis v. County of Los Angeles*, 514 F.3d 946, 958 (9th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(1)).  Such discretion may be

exercised upon a showing of exceptional circumstances.  *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Burns v. County of King*, 883 F.2d 819, 823 (9th Cir. 1989).  "To show exceptional circumstances the litigant must demonstrate the likelihood of success and complexity of the legal issues involved."  *Burns*, 883 F.2d at 823 (citation omitted).  Neither the likelihood of success nor the complexity of the case are dispositive; both must be considered.  *Terrell*, 935 F.2d at 1017.

Here, it appears that at this stage of the proceedings, Plaintiff has a sufficient grasp of his case, the legal issues involved, and is able to adequately articulate the factual basis of his claims. Under these circumstances, the Court DENIES Plaintiff's Motion for Appointment of Counsel [Doc.  No. 11] without prejudice at this time.

**IT IS SO ORDERED.**

DATED:  August 7, 2009

JOHN A. HOUSTON
United States District Judge